AMERICAN BRICK AND TILE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29994. Promulgated April 8, 1931.

*Frank B. Burford, Esq.*, and *J. G. Beavers, C. P. A.* for the petitioner.

*L. A. Luce, Esq.*, for the respondent.

1122

OPINION.

LANSDON: We have heretofore allowed special assessment where a sizable portion of a taxpayer's capital expenditures was improperly charged to expense, the amount of which could not thereafter be determined. *Viscose Co.*, 3 B. T. A. 444; *Deltox Grass Rug Co.*, 7 B. T. A. 811; *Akron Rubber Mould & Machine Co.*, 12 B. T. A. 1252; *J. G. Curtis Leather Co.*, 13 B. T. A. 1259; *Geo. W. Caswell Co.*, 14 B. T. A. 15; *Dunn Mfg. Co.*, 14 B. T. A. 225; *Elgin National Watch Co.*, 17 B. T. A. 339; and *Woodbury Shoe Co.*, 19 B. T. A. 433.

In the instant case the petitioner built a new plant, using brick of its own manufacture and labor from its regular pay rolls. No record was kept of the number of brick used and no charge was made therefor on the books. Wages of the men carried on the regular pay rolls were charged to expense without regard to time spent at work on the new plant. Only the cost of skilled labor employed and material purchased was charged to capital, which totaled approximately $65,000. Petitioner's regular labor was also employed in removing the overburden from clay lands without any charge therefor to capital. We think both of these items are clearly capital expenditures and if the amounts thereof could now be determined they should be included in invested capital. It is, however, impossible to make any segregation of that portion which should have been charged to capital from that properly charged to expense.

We conclude that since invested capital can not be determined, the petitioner's tax liability should be computed under the provisions of section 328 of the Revenue Act of 1921.

*Further proceedings may be had under Rule 62 (c).*